ALEJO FONSECA, demandante y apelante, *v.* DOROTEA MOLINA Y SANTIAGO y AURORA MALDONADO Y MOLINA, éstos últimos representados por su Señora madre con patria potestad sobre ellos, demandados y apelados.

No. 4835.—*Sometido:* Enero 28, 1929. *Resuelto:* Marzo 11, 1929.

*F. Beiró,* abogado del apelante; *Arcilio Alvarado* y *Armando A. Miranda,* abogados de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 7 de diciembre último quedó archivada la transcripción en esté caso. El apelante solicitó varias prórrogas para presentar su alegato y mientras corrían el abogado Armando A. Miranda presentó un escrito notificando al Secretario y al abogado del apelante que el 15 de enero de 1929 se le había otorgado la representación de la parte apelada.

Tres días después compareció el Lcdo. Arcilio Alvarado, por su propio derecho, y presentó una moción alegando que desde el 5 de agosto de 1928 venía representando a los demandados; que obtuvo a favor de ellos el 19 de noviembre de 1928 una sentencia declarando sin lugar la demanda contra ellos presentada y anulando un embargo trabado sobre la cantidad de $914.06 depositada a nombre de los demandados Santos, Aurora y Salina Maldonado en la Secretaría de la Corte de Distrito de Guayama; que apelada la sentencia, tenía preparada la defensa de sus clientes; que ha recibido la notificación del abogado Miranda sobre su sustitución; que los demandados no tienen razón alguna para sustituirlo por otro abogado; que el fondo depositado "constituye un *res* o fondo en el cual el abogado compareciente ya ha creado un derecho;" que sus honorarios valen

doscientos dólares. Termina suplicando que la Corte Suprema ordene que se consignen en secretaría a su favor doscientos dólares.

Señalado día para la vista de la moción, comparecieron el abogado Alvarado que la sostuvo oralmente y el abogado Miranda que se opuso. El abogado Alvarado venía preparado para aportar prueba sobre los hechos alegados en su moción, pero el procedimiento pareció tan raro a la corte que ésta tómo bajo su consideración el asunto con la sola moción y los argumentos orales reservándose conceder una oportunidad al abogado Alvarado para presentar su prueba en el caso de estimar que podían tomarse en consideración sus pretensiones.

La moción del abogado Alvarado no contiene una sola cita legal. Ninguna fué hecha durante la vista ni ha sido luego archivada a pesar del tiempo transcurrido.

Dadas esas circunstancias, no consideramos deber·nuestro hacer un estudio detenido de la cuestión suscitada. A primera vista nos parece que sería desnaturalizar el procedimiento en apelación si se accediera a lo que pretende el abogado Alvarado. No se trata de aclarar cuál es el abogado de la parte apelada ante la corte, sino de investigar la naturaleza jurídica de cierta suma depositada en la corte inferior para resolver si sobre ella existe el gravamen a que se refiere el abogado Alvarado y en caso afirmativo ordenar que se consigne la suma solicitada. Parece más propio que el abogado establezca su reclamación en la propia corte de distrito.

Debe, en tal virtud, declararse *sin lugar la moción*.

RECONSIDERACIÓN DE MAYO 10, 1929.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 11 de marzo último resolvimos cierta moción del

abogado Alvarado presentada en este recurso en solicitud de que se adoptara por esta Corte Suprema alguna medida tendente a asegurar el cobro de sus honorarios como abogado que fué de los menores demandados.

La cuestión suscitada envolvía no sólo el reconocimiento del derecho del peticionario, si que también la decisión de si ese derecho podía hacerse efectivo en cierta suma depositada en la corte de distrito a beneficio de los menores, procedente de una indemnización acordada por la Comisión de Indemnizaciones a Obreros.

No se citó jurisprudencia por escrito y dijimos en la opinión emitida al efecto que tampoco se hizo cita alguna oralmente. Alvarado presentó luego una moción de reconsideración, que es la que estamos considerando, y en ella asegura que citó en su informe oral el caso de *Martínez v. Corte de Distrito,* 36 D.P.R. 162.

Realmente recordamos ahora que el caso fué citado. En él se citan a su vez varias decisiones interesantes que el peticionario tuvo la oportunidad de estudiar, analizar y comparar con su caso, presentando así la cuestión perfectamente dilucidada, y no lo hizo. Hemos estudiado algo más la materia y creemos que quizá puedan presentarse situaciones en que la Corte de Apelación deba intervenir dentro del recurso mismo en beneficio de los derechos de un letrado que haya sido separado indebidamente por alguna de las partes. Sin embargo, juzgando los hechos de este caso, no creemos que procede nuestra intervención tanto más cuanto que en el día de hoy se revoca la sentencia apelada que fué dictada sobre las alegaciones y el pleito vuelve a la corte de distrito de su origen que seguirá conociendo del mismo de acuerdo con la ley. En ella podrá el abogado Alvarado, como dijimos en nuestra anterior opinión, establecer su reclamación.